IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00367-REB-BNB

DELEON DUNGY,

Applicant,

v.

H.A. RIOS, J.R., F.C.I. Florence, Warden,

Respondent.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #3, filed 3/2/06] (the "Application") by Deleon Dungy (the "petitioner"). I issued an Order to Show Cause why the Application should not be granted [Doc. #11, filed 4/21/06]. For the following reasons, I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED, and that the Application be DENIED AS MOOT.

The Application alleges the following:

1. On August 8, 2002, the petitioner was sentenced by this Court to 60 months of imprisonment. He was ordered to voluntarily surrender on September 9, 2002. The petitioner failed to surrender. *Application*, p. 2.

2. The petitioner was arrested on unrelated state charges. On or about August 1, 2003, he was sentenced to a term of five years to run concurrent with his federal sentence. Id.

3. On October 15, 2003, the United States Marshal removed the petitioner from the El Paso County jail and transported him to the Washington County jail. On October 27, 2003, the United States Marshal transported the petitioner to the Federal Detention Center in Littleton,

Colorado. While in the Federal Detention Center, the petitioner was designated to the Federal Correctional Institute in Florence, Colorado. He arrived at the Federal Correctional Institute on October 30, 2003. Id.

4. On or about December 4, 2003, the petitioner was released on a federal detainer to the Colorado Department of Corrections. Pursuant to the detainer, he was paroled from the Colorado Department of Corrections back to the Federal Correctional Institute on June 15, 2005. He was taken to the Federal Correctional Institute on June 16, 2005. Id. at p. 2(B).

The petitioner asserts that the time he spent in state custody should be credited against his federal sentence in accordance with 18 U.S.C. § 3585(b) and Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002). Id. at pp. 3, 5. He states that he has "served 18 months and should be given credit." Id. at p. 3.

The respondent asserts, and the petitioner does not dispute, that (a) counsel for the respondent filed an extension of time to answer the Application so that the Bureau of Prisons could determine whether the petitioner was entitled to credit under Weekes; (b) the Bureau of Prisons reviewed the issue; and © the Bureau of Prisons credited the petitioner with almost 20 months against his sentence. *Answer to Order to Show Cause* . . . [Doc. #16, filed 6/8/06], pp. 5-6. Consequently, the petitioner already has received the relief he seeks through his Application.

I respectfully RECOMMEND that the Order to Show Cause issued April 21, 2006, be DISCHARGED and that the Application be DENIED AS MOOT.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 2, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge